**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **GOSECURE INC.**, <br> 4225 Executive Square, Suite 1600 <br> La Jolla, CA 920137 <br>           **Plaintiff,** <br> v. <br> **BILLA BHANDARI**, <br> 105 Waters Landing <br> Stafford, VA  22554 <br>           **Defendant.** | Civil Action No. <br><br> Complaint for Trademark Infringement <br><br> Jury Trial Demanded |

**COMPLAINT**

Plaintiff GoSecure, Inc. for its Complaint against defendant Billa Bhandari ("Defendant") alleges and states as follows:

**THE PARTIES**

1. Plaintiff GoSecure, Inc. ("Plaintiff" or "GoSecure") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4225 Executive Square, Suite 1600, La Jolla, California 92037.

2. Defendant Billa Bhandari ("Defendant") is an individual residing at 105 Waters Landing, Stafford, Virginia, 22554.

**NATURE AND BASIS OF ACTION**

3. Defendant operates uses the brand GOSECURE, which is confusingly similar to Plaintiff's federally registered trademark GOSECURE ("GOSECURE Mark").  This is an action for infringement under 15 U.S.C. § 1114 *et. seq.* against its owner, the Defendant.  Plaintiff seeks injunctive relief and damages against Defendant for his infringement of the GOSECURE Mark.

**JURISDICTION AND VENUE**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

1

5. Personal jurisdiction and venue (under 28 U.S.C. § 1391) are proper in this Court because Defendant resides in this District.

## GENERAL ALLEGATIONS

6. Plaintiff GoSecure develops and sells cybersecurity products and services and is recognized as a leader and innovator in managed detection and response.

7. Indeed, Plaintiff is the first and only firm to integrate an endpoint and network threat detection platform, managed detection and response services, and Cloud/SaaS delivery.

8. Plaintiff is the owner of the trademark registration for the GOSECURE Mark in the United States (Reg. No. 4,986,200).

9. The GOSECURE Mark covers "Business consulting services relating to the use and integration of technology to protect computer and internet information"; "Computer security services, namely, restricting access to and by computer networks to and of undesired web sites, media and individuals and facilities and enforcing, restricting and controlling access privileges of users of computing resources for cloud, mobile or network resources based on assigned credentials for the purpose of threat detection; Computer security response services, namely, emergency response services for computer security systems and computer network technology; Computer security consultation services in the field of protecting computer and internet information; Computer systems integration services for the purpose of protecting computer and internet information; Computer consultation in the field of computer and network security; Computer security consultancy in the field of scanning and penetration testing of computers and networks to assess information security vulnerability; Computer security consultancy, namely, developing plans for improving computer and network security and preventing criminal activity for businesses and governmental agencies; Computer security services, namely, scanning and penetration testing of desktops, servers, routers, network devices, databases and applications for security audits"; "Consulting services in the field of maintaining the security and integrity of databases; [and] Security audits, namely, security assessment of physical locations, information systems, working environments."

10. Plaintiff's use of the GOSECURE Mark in interstate commerce dates back to at least 2004.

11. Plaintiff markets its goods and services via its website: [https://www.gosecure.net/](https://www.gosecure.net/).

12. In violation of Plaintiff's trademark rights, Defendant is utilizing the GOSECURE Mark for via multiple purposes, including:

- Defendant has admitted under oath that he sends emails using the gosecure.com domain name.
- Defendant admits that he continues to operate and use a blog entitled "GoSecure Blog." Defendant admitted under oath that he presently operates and maintains this blog.
- Defendant admits that he is also using the brand GOSECURE for additional purposes.

13. Defendant's use of the GOSECURE Mark for this purpose has caused and will continue to cause significant harm to Plaintiff as its customers and the public are led to falsely believe that such uses are that of Plaintiff.

14. As additional evidence of confusion in the marketplace, Twitter posts sponsored by or relating to Plaintiff have on multiple occasions been tagged with Defendant's Twitter handle (@gosecure) rather than Plaintiff's (@gosecure_inc).

15. On July 7, 2021, Plaintiff filed a complaint with the Uniform Domain Name Dispute Resolution arbitration forum ("UDRP"), seeking to transfer ownership of the gosecure.com domain to Plaintiff as the rightful owner of the GOSECURE Mark.

16. Defendant opposed transfer on the grounds that he is still actively using the gosecure.com domain for "email operations."

17. He also claimed to be working on a project that would expand his use of the GOSECURE Mark in the cybersecurity field.

18. On August 19, 2021, the UDRP denied Plaintiff's request for transfer on account of Defendants' allegations of use.

19. What the UDRP decision does not address, however, is whether Defendant's admitted, ongoing use of the GOSECURE Mark infringes Plaintiff's trademark rights.

20. Plaintiff seeks a determination from this Court that it does.

## COUNT I

## **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114**

21. GOSECURE realleges all allegations in this Complaint as if stated herein.

22. GOSECURE is the owner of a federal trademark registration in the GOSECURE trademark, U.S. Registration No. 4,986,200.

23. In addition to its federal trademark registration, GOSECURE has common law rights in its GOSECURE Mark based on its ongoing use of such mark dating back to at least 2004.

24. Defendant is using the GOSECURE Mark without permission from GOSECURE.

25. Defendant's infringing use of the GOSECURE Mark has caused significant confusion in the marketplace and is likely to continue to cause both confusion and mistake as to the affiliation, connection or association of the parties as to the origin, sponsorship, or approval of the GOSECURE Mark.

26. Additionally, the failure to cease infringement after a demand to cease was made shows a willful infringement of Plaintiff's trademark.

27. Defendant willfully, intentionally, maliciously, deliberately and in bad faith infringed GOSECURE's mark with knowledge that such use would or was likely to cause confusion and deceive others, including by his continued use of the GOSECURE Mark despite notification by GOSECURE.

28. As a direct and proximate result of Defendant's trademark infringement, GOSECURE has been damaged within the meaning of 15 U.S.C. § 1114 *et seq*.

29. This case qualifies for attorneys' fees pursuant to 15 U.S.C. § 1117.

30.     GOSECURE's remedies at law are not adequate to compensate for injuries inflicted by Defendant.  Accordingly, GOSECURE is entitled to temporary, preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, GOSECURE prays that the Court grant the following relief:

1. Judgment in favor of GOSECURE and against Defendant on all claims;

2. An order temporarily and permanently enjoining Defendant from trademark infringement;

3. Disgorgement of all Defendants' profits attributable to the unlawful conduct alleged herein;

4. Costs and expenses;

5. Statutory damages;

6. Damages in an amount to be shown at trial;

7. Recovery of Plaintiff's attorneys' fees and costs incurred in this action under, among others 15 U.S.C. § 1117(a); and

8. Such other, different, and additional relief as the Court deems just and proper.

Dated:  November 2, 2021             Respectfully submitted,

By: /s/ *David Barmak*_____
David Barmak (VSB No. 15853)
dbarmak@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, PC
555 12th Street NW
Suite 1100
Washington, DC  20004
Telephone:  (202) 585-3507
Facsimile:  (202) 434-7400

*Counsel for Plaintiff GOSECURE, LLC*

Of Counsel:

Andrew D. Skale (VSB #41905, active status pending)
askale@mintz.com
Sam D. Sazer (*Pro Hac Vice* Forthcoming)
sdsazer@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Dated: November 2, 2021

Respectfully submitted,

By: /s/ *David Barmak*
David Barmak (VSB No. 15853)
dbarmak@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, PC
555 12th Street NW
Suite 1100
Washington, DC 20004
Telephone: (202) 585-3507
Facsimile: (202) 434-7400

*Counsel for Plaintiff GOSECURE, LLC*

Of Counsel:

Andrew D. Skale (VSB #41905, active status pending)
askale@mintz.com
Sam D. Sazer (*Pro Hac Vice* Forthcoming)
sdsazer@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

116252442v.2