IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **GOSECURE INC.,**<br><br>                                      **Plaintiff,**<br><br>v.<br><br>**BILLA BHANDARI,**<br><br>                                      **Defendant.** | Case No. 1:21-cv-01222-CMH-IDD |

**PLAINTIFF GOSECURE INC.'S MOTION TO DISMISS
DEFENDANT BILLA BHANDARI'S COUNTERCLAIMS AND
TO STRIKE AFFIRMATIVE DEFENSES 13 and 14**

Plaintiff GoSecure, Inc. ("GoSecure") hereby moves, pursuant to Rule 12(b)(6), to dismiss defendant Billa Bhandari's ("Defendant") counterclaims for malicious prosecution and declaratory judgment on the following grounds:

1. Defendant's counterclaim for malicious prosecution is based on GoSecure's prior filing of a Uniform Domain Name Dispute Resolution Process ("UDRP") complaint against Defendant. But case law is clear that the UDRP panel's decision is given no weight and no deference. Moreover, Plaintiff is immune from liability for its filing of the UDRP complaint under the *Noerr-Pennington* doctrine. Finally, the claim fails as a matter of law because Defendant has not and cannot plead special injury, which is required under Virginia law.

2. Defendant's counterclaim for declaratory judgment fails as a matter of law because it seeks a declaration as to the ownership of the gosecure.com domain name when that issue is not in dispute.

GoSecure also moves, pursuant to Rule 12(f), to strike defendant Billa Bhandari's ("Defendant") thirteenth and fourteenth affirmative defenses and, to the extent that this Court

1

does not grant GoSecure's Motion to Dismiss, Paragraphs 52-75 and 93-97 of the Counterclaim on the following grounds:

1. Defendant's thirteenth affirmative defense for res judicata and fourteenth affirmative defense for collateral estoppel are legally and factually untenable. Both defenses are premised on GoSecure's filing of a Uniform Domain Name Dispute Resolution Process ("UDRP") complaint.  But case law is clear that UDRP decisions are non-binding, non-precedential, and entitled to no weight and no deference, and thus cannot form the basis of either defense.  Moreover, Defendant's assertion that the panel's decision was adverse to GoSecure fails because the panel concluded that Defendant's domain was identical or confusingly similar to the protected GOSECURE mark.

2. If the Court does not dismiss Defendant's counterclaims, GoSecure requests that this Court strike Paragraphs 52-75 and 93-97 of the Counterclaim as irrelevant and prejudicial (since those paragraphs summarize or quote from the irrelevant UDRP decision).

In further support of this Motion, GoSecure refers the Court to the accompanying Memorandum.

WHEREFORE, GoSecure requests that this Court: (i) dismiss both counterclaims with prejudice as there are no facts that could be pleaded that would render the claims legally viable; (ii) strike Defendant's thirteenth and fourteenth affirmative defenses; and (iii) if this Court does not grant GoSecure's Motion to Dismiss the Counterclaims, strike Paragraphs 52-75 and 93-97 of the Counterclaim.

Dated:  January 10, 2022    Respectfully submitted,

By: /s/ *David Barmak*
David Barmak (VSB No. 15853)
dbarmak@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, PC
555 12th Street NW
Suite 1100
Washington, DC  20004
Telephone:  (202) 585-3507
Facsimile:  (202) 434-7400
*Counsel for Plaintiff GOSECURE, LLC*

Of Counsel:

Andrew D. Skale (*Pro Hac Vice* forthcoming)
askale@mintz.com
Sam D. Sazer (*Pro Hac Vice* forthcoming)
sdsazer@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA  92130
Telephone:  (858) 314-1500
Facsimile:   (858) 314-15019

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

>Eric Menhart, Esq. at eric.menhart@lexero.com
>Lexero Law
>512 C St NE
>Washington, DC 20002
>Attorneys for Defendant

>By: /s/ *David Barmak*
>David Barmak (VSB No. 15853)
>Attorney for Plaintiff

120308843v.2